IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THE CUMBERLAND MUTUAL : Civil No. 1:24-CV-379
FIRE INSURANCE CO., :
                          :
     Plaintiff, :
                          :
        v. : (Chief Magistrate Judge Bloom)
                          :
KELLY WILKINSON DOLCEAMORE,:
                          :
     Defendant. :

## MEMORANDUM ORDER

## I.   Introduction

This case is a declaratory judgment action brought by the plaintiff, The Cumberland Mutual Fire Insurance Company, against the defendant, Kelly Dolceamore. (Doc. 1). The matter arises from an underlying action brought in the Court of Common Pleas of Delaware County regarding a dog bite incident. (*Id.* ¶¶ 8-15). The plaintiff has brought this action against Dolceamore, seeking a declaratory judgment that she is not a named insured on the relevant insurance policy and the plaintiff does not have a duty to defend or indemnify the defendant in the underling action in county court. (*Id.* at 6-7).

There is a motion for an entry of default currently pending in this matter. (Doc. 6). Additionally, certain parties have sought to intervene in this action. (*See* Docs. 10-11, 14). However, as the parties and proposed intervenors recognize, the incident occurred and the underlying county court action was filed in Delaware County, which lies in the Eastern District of Pennsylvania. Accordingly, after consideration, we will order that this case be transferred to the United States District Court for the Eastern District of Pennsylvania.

## II.   <u>Discussion</u>

In federal civil actions, 28 U.S.C. § 1391(b) dictates that such actions should be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). It is well settled that a court may transfer an action to the proper venue pursuant to 28 U.S.C. § 1406(a) "when such a transfer

is in the interest of justice." *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006).

Here, the complaint reveals that "a substantial part of the events or omissions giving rise to the claim" appear to have occurred in Delaware County within the venue of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). Further, it appears that the individual defendant and proposed intervenors may also be found in the Eastern District of Pennsylvania. Thus, on its face, the complaint seems to fall within the venue of the Eastern District of Pennsylvania.

In our view, given that the underlying matter that is the basis of the plaintiff's claim in this case occurred in the Eastern District of Pennsylvania, and has been brought against the individual defendant who presumably may also be found in the Eastern District of Pennsylvania, the interests of justice would be served by transferring this case to the Eastern District of Pennsylvania.

As a final matter, we note that "[a] motion to transfer venue . . . involves a non-dispositive pretrial matter which a magistrate judge may

determine pursuant to 28 U.S.C. § 636(b)(1)(A)." *Berg v. Aetna Freight Lines*, 2008 WL 2779294, at *1 n.1 (W.D. Pa. July 15, 2008) (citations omitted). Thus, "the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion." *Jeri v. Finley*, 2019 WL 5721885, at *3 (M.D. Pa. Nov. 5, 2019) (Carlson, M.J.) (collecting cases). Accordingly, we will order that this case be transferred to the United States District Court for the Eastern District of Pennsylvania.

## III.  <u>Order</u>

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that this case shall be transferred to the United States District Court for the Eastern District of Pennsylvania.

So ordered this 27th day of September 2024.

<u>*s/ Daryl F. Bloom*</u>
Daryl F. Bloom
Chief United States Magistrate Judge